**Levon Garabed AGOPIAN, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 03–73608.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Sept. 28, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Levon Garabed Agopian, Fontana, CA, pro se.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Mary Jane Candaux, Assistant Director, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Levon Garabed Agopian, a native and citizen of Bulgaria, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an immigration judge's decision denying his applications for asylum, withholding of deportation, and relief under the Convention Against Torture ("CAT"). Agopian's application for asylum is derivative; the principal applicant is his mother, Satenik Arsharouni. The BIA terminated Arsharouni's deportation proceedings in March 2009, while this petition for review

was pending. The impact of the termination of the principal applicant's proceedings on Agopian's applications for relief and his petition for review is unclear. We therefore grant Agopian's petition for review, and remand for further proceedings.

Because the BIA terminated his mother's deportation proceedings, it appears that her asylum application has been abandoned, possibly leaving Agopian in the position of having no pending asylum application. Although Agopian is now over 21 years of age, he would be considered a child under 8 U.S.C. § 1158(b)(3)(B), and therefore eligible to receive derivative asylee status if the asylum application were granted, if the application were still pending. *See id.* ("An unmarried alien who seeks to accompany ... a parent granted asylum ... shall continue to be classified as a child ... if the alien attained 21 years of age after such application was filed but while it was pending.").

It appears that neither this court nor the BIA has addressed the question of whether or how a child named for derivative asylee status in a parent's asylum application may proceed in seeking asylum when the principal applicant is no longer seeking such relief. Because it is unclear whether Agopian's petition for review is moot as to asylum, we remand for the BIA to determine in the first instance the status of Agopian's application for asylum. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

Because we remand as to asylum, we do not reach Agopian's applications for withholding of deportation or CAT relief.

Each party shall bear its own costs for this petition for review.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

PETITION FOR REVIEW GRANT-ED; REMANDED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.